IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

BONNIE JOHNSON	PLAINTIFF

VS	CIVIL ACTION NO: 3:13CV645 HTW-LRA

STATE OF MISSISSIPPI
DIVISION OF MEDICAID
AND JANE AND JOHN DOES 1- 10

COMPLAINT
(JURY TRIAL DEMANDED)

COME NOW, Plaintiff, Bonnie Johnson ("hereinafter known as "Plaintiff" or "Johnson") and files this her complaint against the Defendant, State of Mississippi Medicaid Division and would show the following in support thereof:

## JURISDICTION

1. This Court has jurisdiction of the parties hereto and of the subject matter pursuant to 28 U.S.C §§ 1331 in that this case arises under Federal Law, specifically with Americans with Disabilities Act, 42 USC §§ 12102 et. seq.

2. This Court has jurisdiction to award costs and attorney fees under 42 USC §§ 20003-5k.

3. Venue is proper pursuant to U.S.C. §§ 1391(b) and (e).

## PARTIES

4. The State of Mississippi Medicaid Division is a governmental entity and service of process can be made through the Attorney General for the State of Mississippi.

5. Bonnie Johnson ("Johnson") is a resident of the State of Mississippi who resides at 4344 Springridge Road, Raymond, MS 39154.

1

## EXHAUSTION OF ADMINISTRTIVE REMEDIES

6. On or about May of 2012, Plaintiff filed charges against Defendant Mississippi Division of Medicaid with the Equal Employment Opportunity Commission (EEOC) charging Defendants with the acts of discrimination stated below in the Complaint. The EEOC attempted to close the file.

7. On or about July 16, 2013. The U.S. Department of Justice contacted Plaintiff and advised that they would provide Notice of Right to Sue (See Exhibit A).

8. The EEOC did not issue a determination in this matter.

## FACTS

1. Johnson is a member of a protected class based on her race (African American) and her disability.

2. At all times relevant to this claim of discrimination, Defendant Mississippi Division of Medicaid has over fifteen (15) or more employees.

3. The discrimination was ongoing starting in 2009 and not terminating until the Plaintiff resigned in May of 2012.

4. Johnson became employed with the State of Mississippi Division of Medicaid in May of 2006.

5. In 2009, Johnson was diagnosed with chronic, degenerative arthritis by her doctor.

6. As the disease progressed, Bonnie Johnson determined that she needed certain accommodations associated with her disability because if became increasing difficult for her to walk.

7. Johnson provided her employee supervisor with documentation supporting her disability and the need for accommodations. Johnson made the request for accommodations. They were not denied but simply ignored.

8. At one point, provisions were made for Johnson to utilize an interview room by her immediate supervisor. When her supervisor left employment, Johnson was told that she could no longer utilize the interview room.

2

9. Johnson continued to make requests for accommodation which included a request to be placed closer to the front of the building and closer to a bathroom. Johnson was told that the accommodation would occur but it did not and her condition worsened. Johnson found that she could no longer traverse the distance from her desk to the bathroom without incident.

10. On or about April 26, 2012, Bonnie Johnson resigned because she could no longer work due to the lack of accommodations.

11. Human Resources contacted Johnson after her resignation and stated that they would accommodate her disability but they did not provide a timeline for the corrective measures and as a result, Johnson felt that she had no alternatives but to continue with her resignation.

**FIRST CAUSE OF ACTION**
**AMERICANS WITH DISABILITIES ACT- DENIAL OF REASONABLE ACCOMODATIONS**

12. Paragraphs 1 through 11 above are hereby incorporated by reference as though fully set forth in this claim.

13. Johnson was and is a disabled person based on her medical condition and physical disabilities.

14. Defendant was required to provide Johnson with reasonable accommodations, including but not limited to , providing her with an opportunity to take Family Medical Leave and allowing her to perform her job within her medical limitations.

15. Instead Defendant Mississippi Division of Medicaid refused to provide Johnson with such accommodations and she was eventually constructively discharged.

16. Plaintiff has suffered and is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Mississippi Division of Medicaid's discriminatory practices unless and until the Court grants relief.

**SECOND CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATON BASED ON DISABILITY**

17. Paragraphs 1 through 16 above are hereby incorporated by reference as though fully set forth in this claim.

18. Defendant Mississippi Division of Medicaid has unlawfully discriminated against Johnson based on disability in violation of Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended by the Americans with Disability Act.

19. Defendant Mississippi Division of Medicaid has a legal obligation to provide reasonable accommodations to employees with disabilities. An individual with a disability is defined as one who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment, or (3) is regarded as having such impairment. 29 C.F.R. § 1630.2(g).

20. Johnson is and has been an individual with a disability at all times relevant to this action.

21. Johnson is and has been a qualified individual with a disability at all times relevant to this action.

22. Plaintiff has suffered and is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Mississippi Division of Medicaid's discriminatory practices unless and until the Court grants relief.

### THIRD CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE

23. Paragraphs 1 through 22 above are hereby incorporated by reference as though fully set forth in this claim.

24. As a result of the actions of Mississippi Division of Medicaid, Plaintiff was constructively discharged on May of 2012.

25. Plaintiff made every attempt to resolve the issue with the Mississippi Division of Medicaid until her condition worsen to the point that although she was able to perform her job, she could not continue without accommodations.

26. Johnson was a qualified individual with a disability as provided for in 42 U.S.C. § 12112(a) of the Americans with Disabilities Act due to her physical impairment that substantially limited one or more major life functions which included walking and standing.

27. Mississippi Division of Medicaid management was aware that the disability substantially limited Johnson in her inability to walk and was aware that it was difficult for Johnson to get to the bathroom.

28. Mississippi Division of Medicaid management Bond was further aware that Bonnie Johnson was able to perform the essential functions of her employment position.

29. Johnson sought accommodations associated with her disability on numerous occasions.

30. Mississippi Division of Medicaid management was also aware that Johnson had to resign because she was not accommodated under the Americans with Disabilities Act and that Johnson's impairment was expected to be permanent or have a long term impact.

31. As a result of the refusal to accommodate Jones for her disability, the working conditions became so intolerable that Jones felt compelled to resign.

32. Human Resources became aware of the problem and stated that it would make arrangements to accommodate Jones but the arrangements never materialized.

33. As a result, Johnson tendered her resignation due to the grave embarrassment she continued to suffer due to her inability to get to the bathroom in a timely fashion.

34. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant Mississippi Division of Medicaid's discriminatory practices unless and until the Court grants relief.

## FOURTH CAUSE OF ACTION
## EMOTIONAL DISTRESS

35. Paragraphs 1 through 34 above are hereby incorporated by reference as though fully set forth in this claim.

36. Bonnie Johnson's immediate supervisor was aware of her condition and did nothing to alleviate the stress and embarrassment caused by her disability.

37. Bonnie Johnson was totally embarrassed and emotionally drained from her inability to obtain accommodations for her disability.

38. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant Mississippi Division of Medicaid's discriminatory practices unless and until the Court grants relief.

### FIFTH CAUSE OF ACTION
### FAILURE TO TRAIN AND SUPERVISE

39. Paragraphs 1 through 38 above are hereby incorporated by reference as though fully set forth in this claim.

40. Defendant Mississippi Division of Medicaid failed to adequately train and supervise its employees on the Americans with Disabilities Act and the Rehabilitation Act of 1973 and its requirements and entitlements to employees.

41. Defendant Mississippi Division of Medicaid's failure to adequately train its employees resulted in the constitutional deprivation recognizable under 29 U.S.C. § 26.12 (d).

42. Defendant Mississippi Division of Medicaid's failure to adequately train its employees has caused Plaintiff to suffer greatly, including losing her profession, her income and her ability to support herself and her family and her reputation.

43. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant Mississippi Division of Medicaid's discriminatory practices unless and until the Court grants relief.

**WHEREFORE, PLAINTIFF RESPECTFULLY** prays for a Judgment against the Defendant, compensatory damages, treble damages, punitive damages and liquidating damages, and all damages allowed under the law, including but not limited to attorney's fees, and all costs of this proceeding, with such final amount being an aggregate sum equal to the maximum amount of recovery allowed under state and Federal law, plus any recovery to be determined by a jury or finder of fact, and allowed under any applicable state and Federal law and guidelines.

RESPECTFULLY SUBMITTED,

*Earnestine Alexander*
Earnestine Alexander
MSB # 102392
Attorney for Plaintiff, Bonnie Johnson

Prepared by:

Earnestine Alexander
6512 Dogwood View Parkway
Suite E
Jackson, MS  39213